IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KELWIN DEWAYNE ADAMS                                              PLAINTIFF

v.                          Civil No. 06-3074

ALVIN DALE BOLEN, Transport
Officer, et al.                                                   DEFENDANTS

**O R D E R**

Now on this 12th day of September, 2008, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 39) herein and the **Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation** (Docs. 41, 43).  The Court has reviewed this case *de novo* and, being well and sufficiently advised, finds and orders as follows:

    1.  Magistrate Judge James R. Marschewski issued a Report and Recommendation on August 18, 2008, recommending that defendants' Motion for Summary Judgment (Doc. 28) be granted in part and denied in part.  Specifically, Magistrate Judge Marschewski recommended that the motion be granted on all of plaintiff's claims except for his individual capacity claim against defendant Donald Koppenhavener stemming from an incident on October 27, 2006, when Koppenhavener, in responding to a disturbance in plaintiff's cell, allegedly aimed a gun at plaintiff and threatened to blow his head off if he moved.

    2.  In his objections to the Report and Recommendation, plaintiff takes issue with the fact that he has not been provided

the jail's security camera tapes from the date in question and asserts that the tapes will "clearly show what he states is true." Plaintiff was not prejudiced in any way by his lack of access to the security camera tapes, as Magistrate Judge Marschewski, in ruling on defendants' summary judgment motion, assumed the facts stated by plaintiff to be true and viewed those facts in the light most favorable to the plaintiff.

Further, in an order issued subsequent to the filing of the Report and Recommendation (Doc. 40), Magistrate Judge Marschewski directed the defendants to either produce the tapes or provide an affidavit explaining why the tapes no longer existed and when they were destroyed or taped over. Accordingly, the Court finds that plaintiff's objection regarding the tapes is without merit and it is, hereby, overruled.

3. Plaintiff next objects that a "[p]olice officer who is present at [a] s[cene] and who does not take reasonable measures to protect suspects from another officer['s] use of excessive force may be liable...." The Court assumes that plaintiff is referring to defendant Alvin Bolen, who accompanied defendant Koppenhavener into plaintiff's cell and was present when Koppenhavener allegedly pointed a gun at plaintiff and threatened him. There is no evidence that Bolen was deliberately indifferent to a substantial risk of serious harm posed by Koppenhavener to the plaintiff. Absent such evidence, Bolen cannot be held liable for failing to intervene when Koppenhavener allegedly threatened the plaintiff.

See <u>Estate of Davis by Ostenfeld v. Delo</u>, 115 F.3d 1388, 1395 (8th Cir. 1997). Plaintiff's objection in this regard is, therefore, overruled.

    4.    Plaintiff also objects that his Eighth Amendment rights were violated when he was handcuffed for 45 minutes after the situation which precipitated the defendants entering his cell had been resolved. A challenge to the way in which prison officials respond to a disturbance must show that they acted "maliciously and sadistically for the very purpose of causing harm." <u>Key v. McKinney</u>, 176 F.3d 1083, 1086 (8th Cir. 1999) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)). As pointed out by Magistrate Judge Marschewski, plaintiff does not allege that the handcuffs were applied too tightly or that he otherwise suffered any injury. Accordingly, the Court finds plaintiff's objection to be without merit and it is hereby overruled.

    5.    Plaintiff's remaining objections offer neither law nor fact requiring departure from the Report and Recommendation and they too are overruled.

    6.    Based on the foregoing, the Court hereby **ADOPTS** the **Report and Recommendation** in its entirety and orders as follows:

    *    Defendants' **Motion for Summary Judgment (Doc. 28)** is **DENIED** with regard to plaintiff's individual capacity claim against defendant Donald Koppenhavener stemming from the October 27, 2006 incident in which Koppenhavener allegedly aimed a gun at plaintiff and threatened him.

* Defendants' **Motion for Summary Judgment (Doc. 28)** is **GRANTED** in all other respects, and plaintiff's remaining claims against Koppenhavener, as well as all of plaintiff's claims against the other three named defendants, are **DISMISSED WITH PREJUDICE**.
* This matter is referred back to Magistrate Judge Marschewski for further disposition.

**IT IS SO ORDERED.**

>  <u>**/s/Jimm Larry Hendren**</u>
> **HON. JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**